David A. Chami, AZ # 027585
david@pricelawgroup.com
**PRICE LAW GROUP, APC**
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
T: (866) 881-2133
F: (866) 401-1457
Attorneys for Plaintiff,
Tim Grattan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TIM GRATTAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DITECH FINANCIAL, LLC; TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **THE FAIR CREDIT REPORT ACT, 15 U.S.C. 1681** *et seq.***; and**<br>2. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692** *et seq.*<br><br>**AND DEMAND FOR JURY TRIAL** |

## COMPLAINT
## INTRODUCTION

1. Plaintiff TIM GRATTAN ("Plaintiff"), by and through his attorneys, brings this action to secure redress from unlawful credit practices engaged in by Defendants Ditech Financial, LLC, TransUnion, LLC, and Experian Information Solutions, Inc. Specifically, Plaintiff alleges violations of the Fair

Credit Report Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")..

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiff TIM GRATTAN is a natural person who resides in the City of Mesa, Maricopa County, Arizona. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a).

5. Defendant, Ditech Financial, LLC (hereinafter "Ditech"), is an Pennsylvania corporation, headquartered in the State of Minnesota, with its mailing address at 345 St. Peter Street, St. Paul, MN 55102. Defendant Ditech is an entity which engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Further, Defendant Ditech is a "person" as defined by FCRA 1681a(b).

6. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626. At all relevant times herein, Defendant Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other

consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

7. Defendant, TransUnion, LLC (hereinafter "TransUnion"), is a national corporation with its principal place of business located at 555 W. Adams St. Fl 2-9, Chicago, IL 60661.  At all relevant times herein, Defendant TransUnion, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9. Plaintiffs are informed and believe and on that basis allege that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. In August of 2007, Plaintiff obtained loan through GMAC Mortgage Corporation in the amount of $50,000.00 (hereinafter the "Loan").

11. GMAC Mortgage Corporation filed bankruptcy in or around 2012 and the Loan began being serviced by Green Tree Servicing, LLC.

12. Green Tree Servicing, LLC then became Ditech; Ditech is the current loan servicer.
13. The Loan became the subject of Arizona State Court litigation in 2015.
14. Rather than continue with expensive litigation, the parties entered into a settlement agreement in April of 2015.
15. The settlement agreement states that Plaintiff will pay Ditech $26,000.00.
16. The payments were to be made as follows: a one-time $5,000.00 payment and then eighty-four (84) monthly payments of $250.00.
17. Plaintiff has complied with this agreement.
18. In April of 2016, Plaintiff noticed that Experian, Equifax, and TransUnion were all reporting a balance of $43,829.00 purportedly owed to Ditech on his credit report.
19. Plaintiff reached out to Ditech's Counsel that prepared the settlement agreement to confirm the balance he owed and their receipt of all of his payments.
20. Once Plaintiff confirmed that all payments had been received and properly applied, he sent dispute letters dated May 12, 2016 to Experian, Equifax, and TransUnion asking the balances to be updated according to the settlement agreement and that the payment history no longer show him as late since the payments were being timely made.
21. Plaintiff attached to the dispute letters a letter from Shapiro, Van Ess & Sherman, LLP (the attorneys who represent Ditech in the settlement), dated May 11, 2016, that detailed the agreement and the payments that had been made.
22. That letter detailed payments from May 14, 2015 through April 21, 2016 and an updated remaining balance of $18,250.00.
23. Upon receipt of the dispute letter, Equifax deleted the trade line completely.

24. Upon receipt of the dispute letter, Experian updated the balance to another incorrect number: $42,578.00; Experian has also continued to mark the account as charged-off every month from January 2011 through May 2016 despite evidence of the payments having been made in accordance with the settlement agreement since April of 2015.
25. Upon receipt of the dispute letter, TransUnion updated the balance to the correct $18,250.00.
26. TransUnion, however, continued to mark the account as charged-off every month from March 2013 through March 2016.
27. On June 8, 2016, Ditech sent Plaintiff a letter directly to Mr. Grattan regarding the account, despite knowing that Mr. Grattan was represented by Counsel related to the account.
28. On June 14, 2016, Ditech sent Plaintiff another letter related to the account, this time the letter was sent to Plaintiff's attorney.
29. On June 17, 2016, Ditech sent Plaintiff another letter related to the account, this letter was nearly identical to the June 14 letter and was also sent to Plaintiff's Counsel.
30. Despite Plaintiffs' efforts to remove the erroneous information, Defendants have nonetheless willfully and negligently failed to perform a reasonable investigation of the above disputes as required by the FCRA, have failed to correct the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the false information about Plaintiff.
31. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but

not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiffs' great detriment and loss.

32. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing him from being able to obtain credit.

34. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

**COUNT I – FIRST CLAIM FOR RELIEF**
**DEFENDANT DITECH FINANCIAL, LLC**
**FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681** *et seq.*

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. The FCRA requires a furnisher such as Ditech, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all

other credit reporting agencies to which the furnisher has provided the inaccurate information.

37. Within the last two years, Defendant Ditech provided inaccurate information to the credit reporting agencies.

38. Within the past two years, Plaintiff notified Experian, Equifax, and Transunion that Plaintiff's reports concerning Ditech were inaccurate. Thereafter, the credit reporting agencies notified Ditech that Plaintiff was disputing the information it had furnished to the credit reporting agencies.

39. Ditech violated 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b);

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Ditech;

   c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

    g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and

    h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

40. In attempting to collect the aforementioned alleged debt, the Defendants, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate.

41. Ditech's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## COUNT II – SECOND CLAIM FOR RELIEF
## DEFENDANT DITECH FINANCIAL, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq.*

42. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

43. Defendant Ditech violated the FDCPA. Defendant's violations include, but are not limited to:

    a. 15 U.S.C. § 1692c(a)(2) – Defendant engaged in communication with Plaintiff through the letter dated June 8, 2016, after Defendant was aware

that Plaintiff was being represented by an attorney in regards to the alleged debt.

b. 15 U.S.C. § 1692c(c) – Defendant continued to communicate with Plaintiff through the letter dated June 8, 2016, after they were informed of Plaintiff's representation and his request to not be contacted directly any further.

**COUNT III – THIRD CLAIM FOR RELIEF**
**DEFENDANTS TRANSUNION AND EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.***

44. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

45. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

46. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

47. Within the two years preceding the filing of this complaint, Plaintiff notified Defendants TransUnion and Experian of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

48. Defendants TransUnion and Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiffs disputed.

49. Defendants TransUnion and Experian failed to review and consider all relevant information submitted by Plaintiffs.

50. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

51. As a result of the above-described violations of 15 U.S.C. § §1681i and 1681e(b), Plaintiff has sustained damages.

52. Defendants TransUnion and Experian's violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Punitive damages;

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    E. Such other and further relief as the Court deems proper.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TIM GRATTAN, demands trial by jury in this action.

                                                                       Respectfully Submitted,

June 27, 2016                          /s/ <u>David A. Chami</u>
                                                    David A. Chami, AZ # 027585
                                                    david@pricelawgroup.com
                                                  **PRICE LAW GROUP, APC**
                                                  1204 E Baseline Rd., Suite 102
                                                  Tempe, AZ 85283
                                                  Attorney for Plaintiff,
                                                  Tim Grattan